UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV15-8302-CAS(Ex) | Date | December 29, 2015 |
|---|---|---|---|
| Title | OMAR SEGURA v. SAM PRIYAMAL DE SYLVA ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (Filed 11/04/15)[10]

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.

**I.  INTRODUCTION**

On July 22, 2015, plaintiff Omar Segura filed the instant action in the Los Angeles County Superior Court against defendants Sam Priyamal De Sylva ("De Sylva"), the City of Pasadena ("the City"), and Does 1-50, inclusive. Dkt. 1-1 ("Compl."). Plaintiff's complaint asserts the following ten claims against defendants: claims one and two for violation of California Civil Code section 51.7 ("Ralph Act"); claim three for violation of California Civil Code section 52.1 ("Bane Act"); claim four for false arrest by a peace officer without warrant; claim five for malicious prosecution; claim six for abuse of process; claim seven for assault; and claim eight for battery. See id. On October 23, 2015, defendant De Sylva removed this action pursuant to 28 U.S.C. § 1443(2).[1]

---

[1] 28 U.S.C. section 1443 reads, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending . . .
>
> (2)  For any act under color of authority derived from any law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV15-8302-CAS(Ex) | Date | December 29, 2015 |
|---|---|---|---|
| Title | OMAR SEGURA v. SAM PRIYAMAL DE SYLVA ET AL. | | |

On November 4, 2015, defendant De Sylva filed the instant motion to dismiss plaintiff's fifth claim for malicious prosecution. Dkt. 10 ("Motion"). On November 10, 2015, plaintiff filed a notice of non-opposition to De Sylva's motion. Dkt. 11 ("Non-opp'n"). On November 16, 2015, De Sylva filed a reply. Dkt. 12 ("Reply"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

**II. BACKGROUND**

On or about January 2, 2015, plaintiff alleges that he was selling security systems door-to-door in Santa Clarita, California. Compl. ¶ 6. Plaintiff alleges that he knocked on the door of defendant De Sylva's Santa Clarita residence and that De Sylva answered and told plaintiff that he was not interested in purchasing anything. Id. ¶¶ 6-7. As plaintiff began to walk away from the residence, De Sylva stated that he would call the police if plaintiff did not leave the neighborhood. Id. ¶ 8. Plaintiff alleges that after he informed De Sylva that he had a permit to sell door-to-door, De Sylva instructed him to return to De Sylva's property to present the permit. Id. ¶ 9. Plaintiff avers that when he presented the permit, "De Sylva proceeded to snatch the permit out of [p]laintiff's hand, retreated into the house, and attempted to shut the door behind him." Id. ¶ 10. Plaintiff further alleges that he placed his hand on the outside portion of the door to prevent it from closing and then demanded that De Sylva return the permit. Id. ¶ 11. De Sylva allegedly brandished what appeared to be a service pistol, pointed it at plaintiff's face, and threatened to shoot plaintiff if plaintiff did not get on the floor. Id. Plaintiff complied and dropped to the floor. Id.

Plaintiff alleges that at this time, De Sylva called the Los Angeles County Sheriff's Department, identified himself as a police officer for the City of Pasadena, and "proceeded to fabricate a story to the effect that Plaintiff attempted to break into Defendant De Sylva's home for the purpose of burglary." Id. ¶ 12. Plaintiff was subsequently arrested, held in custody for approximately 22 hours, and forced to post $50,000 bail, although no charges against plaintiff were ever filed. Id. ¶ 13. However, plaintiff alleges that there were news reports regarding the arrest and that these reports harmed plaintiff's reputation and contributed to his emotional distress. Id.

providing for equal rights, or for refusing to do any act on the
ground that it would be inconsistent with such law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                         'O'

| Case No. | CV15-8302-CAS(Ex) | Date | December 29, 2015 |
|---|---|---|---|
| Title | OMAR SEGURA v. SAM PRIYAMAL DE SYLVA ET AL. | | |

    Plaintiff further alleges that De Sylva's actions were committed "under color of law" in the course and scope of his employment with the City of Pasadena, and that the City "condoned and ratified Defendant De Sylva's actions" or, in the alternative, "was grossly negligent in the recruitment, training, management and equipping of Defendant De Sylva." Id. ¶ 14. Plaintiff also alleges that on April 30, 2015, he submitted a claim regarding the incident to the City, which the City subsequently rejected. Id.

### III.  LEGAL STANDARD

    A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

    In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV15-8302-CAS(Ex) | Date | December 29, 2015 |
|---|---|---|---|
| Title | OMAR SEGURA v. SAM PRIYAMAL DE SYLVA ET AL. | | |

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV.    DISCUSSION**

The elements of a claim for malicious prosecution are the following: "(a) the institution of an action at the direction of the defendant in the malicious prosecution suit (b) without probable cause and (c) with malice, (d) termination of the initial action favorably to the plaintiff in the malicious prosecution suit, and (e) resulting damage." 5 Witkin, Summ. Cal. Law Torts § 469 (10th ed. 2005); see also Asgari v. City of Los Angeles, 15 Cal. 4th 744, 754 (1997) ("[M]alicious prosecution protects the personal interest in freedom from unjustifiable *litigation*.") (emphasis added). Defendant De Sylva argues that plaintiff has failed to state a claim for malicious prosecution because the complaint itself states that the matter was never actually prosecuted—i.e., "[c]harges based upon Defendant De Slyva's fabricated allegations were never filed." Compl. ¶ 13. In his notice of non-opposition to the instant motion, plaintiff states that he "has no opposition to De Sylva's motion to dismiss the fifth cause of action [for malicious prosecution] only." Non-opp'n at 2. In light of plaintiff's non-opposition to the instant motion and plaintiff's failure to allege the institution of any action arising from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV15-8302-CAS(Ex) | Date | December 29, 2015 |
| Title | OMAR SEGURA v. SAM PRIYAMAL DE SYLVA ET AL. | | |

defendants' actions, the Court finds it appropriate to dismiss, with prejudice, plaintiff's claim for malicious prosecution.

## V.    CONCLUSION

In accordance with the foregoing, plaintiff's fifth claim for malicious prosecution is hereby **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CL | |