UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-08302-CAS(Ex) | Date | February 3, 2016 |
|---|---|---|---|
| Title | OMAR SEGURA V. SAM PRIYAMAL DE SYLVA ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                            Not Present

**Proceedings:**    (IN CHAMBERS) - ORDER REMANDING THIS ACTION TO THE LOS ANGELES COUNTY SUPERIOR COURT

## I.  INTRODUCTION

On July 22, 2015, plaintiff Omar Segura ("plaintiff") filed the instant action in the Los Angeles County Superior Court against defendants Sam Priyamal De Sylva ("De Sylva"), the City of Pasadena ("the City"), and Does 1-50, inclusive. Dkt. 1-1 ("Compl."). Plaintiff's complaint asserts the following eight claims against defendants: claims one and two for violation of California Civil Code section 51.7 (the "Ralph Act"); claim three for violation of California Civil Code section 52.1 (the "Bane Act"); claim four for false arrest by a peace officer without warrant; claim five for malicious prosecution; claim six for abuse of process; claim seven for assault; and claim eight for battery. See id.

Although no diversity exists between the parties and all of plaintiff's claims arise under California state law, defendant De Sylva removed this action to federal court on October 23, 2015. Dkt. 1 (Notice of Removal). Defendant De Sylva stated in his notice of removal that "[t]his court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. 1441(a) and [this action] is one that may be removed to this Court by defendant *as plaintiff has charged defendant with acts under color of authority derived from the civil rights laws*. [28 U.S.C. § 1443(2)]." Notice of Removal, at 2 (brackets in original) (emphasis added). This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction. Nevada v. Bank of Am. Corp., 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . .'" (quoting Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002)). As all of plaintiff's claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-08302-CAS(Ex) | Date | February 3, 2016 |
|---|---|---|---|
| Title | OMAR SEGURA V. SAM PRIYAMAL DE SYLVA ET AL. | | |

arise under California law, and neither party has asserted diversity jurisdiction, it is unclear how this Court could have original jurisdiction over this action. As explained further below, the Court further concludes that defendants cannot properly remove this action pursuant to 28 U.S.C. section 1443(2). Accordingly, the Court finds that it lacks subject matter jurisdiction over this action and must accordingly remand the matter to state court.[1]

## II.  BACKGROUND

Plaintiff alleges that on or about January 2, 2015, he was selling security systems door-to-door in Santa Clarita, California. Compl. ¶ 6. Plaintiff avers that he knocked on the door of defendant De Sylva's Santa Clarita residence and that De Sylva answered and told plaintiff that he was not interested in purchasing anything. Id. ¶¶ 6-7. As plaintiff began to walk away from the residence, De Sylva stated that he would call the police if plaintiff did not leave the neighborhood. Id. ¶ 8. Plaintiff alleges that after he informed De Sylva that he had a permit to sell door-to-door, De Sylva instructed him to return to De Sylva's property to present the permit. Id. ¶ 9. Plaintiff avers that when he presented the permit, "De Sylva proceeded to snatch the permit out of [p]laintiff's hand, retreated into the house, and attempted to shut the door behind him." Id. ¶ 10. According to plaintiff, he then placed his hand on the outside portion of the door to prevent it from closing and then demanded that De Sylva return the permit. Id. ¶ 11. De Sylva allegedly brandished what appeared to be a service pistol, pointed it at plaintiff's face, and threatened to shoot plaintiff if plaintiff did not get on the floor. Id. Plaintiff alleges that he complied and dropped to the floor. Id.

Plaintiff further alleges that at this time, De Sylva called the Los Angeles County Sheriff's Department, identified himself as a police officer for the City of Pasadena, and "proceeded to fabricate a story to the effect that Plaintiff attempted to break into Defendant De Sylva's home for the purpose of burglary." Id. ¶ 12. Plaintiff was subsequently arrested, held in custody for approximately 22 hours, and forced to post

---

[1] On December 29, 2015, this Court granted defendant De Sylva's unopposed motion to dismiss plaintiff's claim for malicious prosecution. Dkt. 19. Nonetheless, pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-08302-CAS(Ex) | Date | February 3, 2016 |
| Title | OMAR SEGURA V. SAM PRIYAMAL DE SYLVA ET AL. | | |

$50,000 bail, although no charges against plaintiff were ever filed. Id. ¶ 13. However, plaintiff alleges that there were news reports regarding the arrest and that these reports harmed plaintiff's reputation and contributed to his emotional distress. Id.

Plaintiff further alleges that De Sylva's actions were committed "under color of law" in the course and scope of his employment with the City of Pasadena, and that the City "condoned and ratified Defendant De Sylva's actions" or, in the alternative, "was grossly negligent in the recruitment, training, management and equipping of Defendant De Sylva." Id. ¶ 14. Finally, plaintiff alleges that on April 30, 2015, he submitted a claim regarding the incident to the City, which the City subsequently rejected. Id.

### III.  LEGAL STANDARD

Pursuant to 28 U.S.C. 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, *1 (C.D. Cal. Feb.11, 2011) (explaining the two types of jurisdiction). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

### IV.  DISCUSSION

In his notice of removal, defendant De Sylva contends that this action may properly be removed to federal court because "plaintiff has charged defendant with acts under color of authority *derived from the civil rights laws*. [28 U.S.C. § 1443(2)]." Notice of Removal, at 2 (brackets in original) (emphasis added). The Court must therefore assess whether it may, in fact, exercise jurisdiction over this action pursuant to 28 U.S.C. §1443(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-08302-CAS(Ex) | Date | February 3, 2016 |
|---|---|---|---|
| Title | OMAR SEGURA V. SAM PRIYAMAL DE SYLVA ET AL. | | |

28 U.S.C. section 1443 provides, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> ***
>
> (2) For any act *under color of authority derived from any law providing for equal rights*, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. section 1443(2) (emphasis added).

The United States Supreme Court has explained that "the second subsection of section 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them *in affirmatively executing duties under any federal law providing for equal civil rights*." City of Greenwood, Miss. v. Peacock, 384 U.S. 805, 824 (1966) (emphasis added). Citing to a decision of the Second Circuit, the Supreme Court has further clarified what constitutes "a valid claim for removal under [section 1443]":

> [Section 1443] "applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights * * *." "When the removal statute speaks of 'any law providing for equal rights,' it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. s 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all."

State of Ga. v. Rachel, 384 U.S. 780, 792 (1966) (quoting People of State of N. Y. v. Galamison, 342 F.2d 255, 269, 271 (2d Cir. 1965)). Thus, for example, as the Tenth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-08302-CAS(Ex) | Date | February 3, 2016 |
|---|---|---|---|
| Title | OMAR SEGURA V. SAM PRIYAMAL DE SYLVA ET AL. | | |

Circuit explained in one case, a school board could remove under section 1443 a state court action by school district patrons seeking to enjoin implementation of a plan to eliminate racial discrimination in schools. Bohlander v. Indep. Sch. Dist. No. One of Tulsa Cty., Okl., 420 F.2d 693, 694 (10th Cir. 1969). In Bohlander, the state court action seeking to enjoin the board's activities was removable under section 1443(2) because the board "undertook to carry out the directions of the federal court in an order which was authorized by federal civil rights statutes," and further was "acting with and for federal officers in executing their duties under the Civil Rights Act of 1964." Id.

In the instant case, the complaint alleges that "[d]efendant De Sylva's actions . . . were committed 'under color of law' and in the course and scope of his employment with Defendant the City [of Pasadena]." Compl. ¶ 14. This is not, however, akin to alleging that defendant's actions were made "under color of authority derived from *any law providing for equal rights*," as is required in order for this court to exercise jurisdiction under 28 U.S.C. section 1443(2). Despite defendant De Sylva's contention to the contrary, the complaint does not "charge[] defendant with acts under color of authority derived from the civil rights laws." Notice of Removal, ¶ 7.

Ultimately, section 1443(2) is simply inapplicable to the instant case. Accordingly, this Court must remand the matter to the Los Angeles County Superior Court. See Appalachian Volunteers, Inc. v. Clark, 432 F.2d 530, 534 (6th Cir. 1970) (affirming district judge who "held that the removal petition failed properly to allege a basis for removal under 28 U.S.C. § 1443 because there was no allegation that at the time appellants' activities were enjoined they were acting pursuant to a federal law providing 'for specific civil rights stated in terms of racial equality' "); Detroit Police Lieutenants & Sergeants Ass'n v. City of Detroit, 597 F.2d 566, 568 (6th Cir. 1979) (affirming district court's remand because "defendants are not persons assisting federal officers and, therefore, removal is not proper under the first phrase of subsection (2) of [section 1443]"); Irvin v. Sheriff of Jefferson Cty., Kentucky, 173 F.3d 855, at *1 (6th Cir. 1999) (unpublished disposition) ("[Defendant-sheriff] may not remove this case pursuant to § 1443(2). The sheriff is free to present his federal defense in the state court, where it will necessarily be given due consideration. Simply because a plaintiff may eventually lose his case due to the application of relevant federal statutory or constitutional law does not mean that the case is removable to federal court in the first instance.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-08302-CAS(Ex) | Date | February 3, 2016 |
|---|---|---|---|
| Title | OMAR SEGURA V. SAM PRIYAMAL DE SYLVA ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court hereby **REMANDS** this action to the Los Angeles County Superior Court.

IT IS SO ORDERED.

                                                              00  :  00
                                          Initials of Preparer    CMJ